Reese, J.
delivered the opinion of the court.
William M. Wilson in December, 1839, died in the territory of Florida. The county of Grainger in this State was the county of his residence and domicil. On the first Monday in January, 1840, the county court of Grainger granted letters of administration on his estate to Frazier and M’Kinney. They are not the next of kin of the deceased, but claim to be his largest creditors. About the same time the county court of Jefferson granted letters of administration on the estate of the said William H. Wilson to his widow and relict Mary A. Wilson, the plaintiff. She thereupon filed in the circuit court of Grainger county, her petition praying that a writ of certiorari might issue to the county court of Grain-ger, to the end that the proceedings of said court in granting letters of administration to Frazier and M’Kinney, might be certified to said circuit court, and that said letters might be there repealed ; and also praying for a writ of supersedeas to issue. These writs were issued; but a rule having been granted in the circuit court to show cause why these writs should not be dismissed, the said rule was, on argument, made absolute, and they were dismissed, and from that judgment the plaintiff has prosecuted her appeal to this court.
The letters of administration granted to the plaintiff by the county court of Jefferson, which was not the county of decedent’s residence and domicil, are void. This point has been repeatedly so decided by this court. But it is said if this be so, still the plaintiff’s right to the administration is superior to that of the defendants’s, and that she may, therefore, in this mode, cause these letters to be repealed. The statute of Henry VIII. gives, indeed, to the ordinary the power to confer the administration, at his discretion, upon the widow or the next of kin, or upon both. Our statute of 1715, gives the right of administration to the next of kin, and is silent as to the widow. The wife as such is not the next of kin. Whether her right to the administration, although not secured by the act of 1715, can be successfully maintained as ,existing here by the operation of the statute of Henry VIII. it is not necessary, perhaps not proper, that we should now decide. Unquestionably it has been very much the custom to grant to widows administration on the estates of their deceased husbands. But *32 however the question may be settled, and it is not without its difficulties, we have said it is not necessary now to decide it. For most clearly the letters of administration granted to the defendants, could.not be held to be void merely on the ground that another might have a superior right to the administration. This is well settled; And it is equally clear that the circuit court could not for such a reason repeal the letters in the mode in this case attempted.
There must be a dispute and contest on the subject in the court of probate to confer on the circuit court jurisdiction over the matter by appeal or certiorari. If when the grant of administration was made to the defendants by the county court, the plaintiff had presented her claim, she could have taken her case to. the circuit court by appeal or certiorari, according to the circumstances. Not having done so, the proceeding to repeal the letters once granted must originate in the county court. Without this the circuit court has no jurisdiction over the matter. For this reason we affirm the judgment.